IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-69,505-01; WR-69,505-02; WR-69,505-03; WR-69,505-04; WR-69,505-05; 


 WR-69,505-06; WR-69,505-07; WR-69,505-08; WR-69,505-09





EX PARTE CARLOS JESSE TIJERINA, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 2005-408493; 2005-408513; 2005-408597; 2005-408971; 2005-408972; 


 2005-409072; 2005-409074; 2005-409564; 2005-409565 

 IN THE 140TH DISTRICT COURT

FROM LUBBOCK COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of nine
felonies. He pleaded guilty to four cases of possession of controlled substance, three of which were
punished with twenty years' imprisonment, and one with sixty years' imprisonment. He pleaded
guilty to four cases of forgery, three of which were punished with twenty years' imprisonment, and
one with sixty years' imprisonment. He also pleaded guilty to one case of fraudulent use of
identification and was sentenced to twenty years' imprisonment. The Seventh Court of Appeals
affirmed his convictions. Tijerina v. State, Cause Nos. 07-06-0018-CR; 07-06-0019-CR; 07-06-0020-CR; 07-06-0021-CR; 07-06-0022-CR; 07-06-0023-CR; 07-06-0024-CR; 07-06-0025-CR; 07-06-0026-CR (Tex. App.-Amarillo, delivered December 5, 2006). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
he failed to convey a plea bargain offer. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall make findings as to whether an offer from the State existed and, if so, whether that
offer was conveyed to Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: April 2, 2008

Do not publish